# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEVEN BROWN,<br><br>Petitioner,<br><br>v.<br><br>BRUCE PLUMLEY,<br><br>Respondent. | Case No. 1:18-cv-01570-SAB-HC<br><br>ORDER LIFTING STAY, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 19) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 4, 8).

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Federal Correctional Institution in Mendota, California. (ECF No. 1 at 1).[1] According to the petition and the docket for the United States District Court for the Northern District of Texas, on June 12, 1992, Petitioner pleaded guilty to possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] (ECF No. 1 at 4; ECF No. 19 at 2). On August 13, 1992, Petitioner was sentenced to an imprisonment term

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)).

1

of 200 months. (ECF No. 1 at 4; ECF No. 19 at 2). On March 19, 1993, the judgment was affirmed. United States v. Brown, 988 F.2d 1213 (5th Cir. 1993) (unpublished table decision).

On August 18, 2015, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, which the district court denied as untimely. Brown v. United States, No. 4:15-CV-646-A, 2015 WL 6125721 (N.D. Tex. Oct. 15, 2015). The Fifth Circuit denied a certificate of appealability. United States v. Brown, No. 15-11105 (5th Cir. Sept. 26, 2016). Thereafter, on or around February 7, 2017, Petitioner filed an application for authorization to file a second or successive § 2255 motion, which the Fifth Circuit denied on March 29, 2017. (ECF No. 1 at 5, 34–35).

On November 15, 2018, Petitioner filed the instant petition for writ of habeas corpus, challenging the sentence imposed by the United States District Court for the Northern District of Texas. (ECF No. 1). Petitioner asserts that he "should be resentenced minus the Armed Career Criminal Act (ACCA) enhancement," arguing that his prior burglary convictions could not serve as predicates for an enhanced sentence under the ACCA. (ECF No. 1 at 5, 6–7).

On May 31, 2019, the Court granted Respondent's motion to stay the instant proceeding pending the Supreme Court's resolution of United States v. Herrold, No. 17-1445, and Quarles v. United States, No. 17-778. (ECF No. 18). On June 28, 2019, Respondent filed a motion to dismiss in light of the Supreme Court's recent decision in Quarles. (ECF No. 19). To date, Petitioner has not filed any opposition, and the time for doing so has passed.

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner

may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, this Court, as the custodial court, has jurisdiction. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Northern District of Texas, which imposed Petitioner's sentence.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060).

**B. Actual Innocence**

In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is

3

more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was factually innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

Regardless, even if a petitioner may assert a cognizable claim of actual innocence of a noncapital sentencing enhancement, Petitioner has failed to do so here.

1. The ACCA's Residual Clause

Petitioner argues that his prior burglary convictions could not serve as predicates for an enhanced sentence under the ACCA. (ECF No. 1 at 6–7). "The Armed Career Criminal Act requires a federal sentencing judge to impose upon certain persons convicted of unlawfully possessing a firearm a 15-year minimum prison term. The judge is to impose that special sentence if the offender also has three prior convictions for certain violent or drug-related" felonies. United States v. Stitt, 139 S. Ct. 399, 403 (2018) (citing 18 U.S.C. § 924(e)).

The ACCA's definition of "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year . . . that . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical

injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The "otherwise involves conduct that presents a serious potential risk of physical injury to another" language of the definition is known as the Act's residual clause, which the Supreme Court has struck down as "unconstitutionally vague." Johnson v. United States, 135 S. Ct. 2551, 2556, 2557 (2015). Although "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," Johnson "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Id. at 2563.

As noted by the district court in denying Petitioner's § 2255 motion, Petitioner "was sentenced using ACCA's enumerated violent felony of burglary, not the residual clause." Brown, 2015 WL 6125721, at *2 (citing Presentence Report of Robert Steven Brown at 4–5). As Johnson held only the residual clause to be unconstitutionally vague, the Court finds that Johnson is inapplicable.

Petitioner's reliance on Sessions v. Dimaya, 138 S. Ct. 1204 (2018), is similarly inapposite. In Dimaya, the Supreme Court applied the reasoning of Johnson and held that 18 U.S.C. § 16(b), the residual clause of the federal criminal code's definition of "crime of violence," was unconstitutionally vague. Dimaya, 138 S. Ct. at 1211, 1223. However, as Petitioner was sentenced using ACCA's enumerated violent felony of burglary and not the residual clause, the Court finds that Dimaya also is inapplicable.

2. Enumerated Offense of Burglary

With respect to use of prior burglary convictions to enhance a sentence pursuant to the ACCA, the Supreme Court has held that courts are required "to evaluate a prior state conviction 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" Stitt, 139 S. Ct. at 405 (quoting Begay v. United States, 553 U.S. 137, 141 (2008)). This is "known as the categorical approach," which "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to

define a single crime. The court then lines up that crime's elements alongside those of the generic offense and sees if they match." Mathis, 136 S. Ct. at 2248.

"Some statutes, however, have a more complicated (sometimes called 'divisible') structure, making the comparison of elements harder. A single statute may list elements in the alternative, and thereby define multiple crimes." Mathis, 136 S. Ct. at 2249 (citation omitted). In order to assist a sentencing court in "figuring out which of the alternative elements listed . . . was integral to the defendant's conviction (that is, which was necessarily found or admitted)," the Supreme Court "approved the 'modified categorical approach' for use with statutes having multiple alternative elements." Id. (citing Shepard v. United States, 544 U.S. 13, 26 (2005)). Under the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of. The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." Mathis, 136 S. Ct. at 2249 (citation omitted).

Additionally, there is "a different kind of alternatively phrased law. . . that enumerates various factual means of committing a single element." Mathis, 136 S. Ct. at 2249 (citation omitted). For example, a burglary "statute might . . . itemize the various places that crime could occur as disjunctive factual scenarios rather than separate elements, so that a jury need not make any specific findings (or a defendant admissions) on that score." Id. In Mathis, the Supreme Court addressed

> whether ACCA treats this kind of statute as it does all others, imposing a sentence enhancement only if the state crime's elements correspond to those of a generic offense—or instead whether the Act makes an exception for such a law, so that a sentence can be enhanced when one of the statute's specified means creates a match with the generic offense, even though the broader element would not.

136 S. Ct. at 2250. Mathis declined to find such an exception. Id. at 2248.

The Supreme Court has "defined the elements of generic 'burglary' as 'an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.'" Stitt, 139 S. Ct. at 405–06 (quoting Taylor v. United States, 495 U.S. 575, 598 (1990)). Therefore, a prior conviction "does not qualify as generic burglary under the Act where 'the

elements of [the relevant state statute] are broader than those of generic burglary.'" Stitt, 139 S. Ct. at 405 (alteration in original) (quoting Mathis, 136 S. Ct. at 2257).

Here, Petitioner's sentence was enhanced based on three convictions for burglary of a habitation and one conviction for burglary of a building under Texas law. (ECF No. 1 at 18, 19). Texas's burglary statute provides:

> A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> >
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> >
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Texas Penal Code § 30.02(a).

In United States v. Herrold, 883 F.3d 517 (5th Cir. 2018) (en banc), the Fifth Circuit held that burglary convictions under the Texas Penal Code cannot serve as predicate offenses under the ACCA. In so holding, Herrold concluded that: Texas Penal Code sections 30.02(a)(1) and (a)(3) are indivisible, id. at 523, 529; and subsection 30.02(a)(3) is broader than generic burglary because "[s]ubsection 30.02(a)(3) contains no textual requirement that a defendant's intent to commit a crime contemporaneously accompany a defendant's unauthorized entry," id. at 531.

The Supreme Court subsequently vacated Herrold and remanded the matter in light of Quarles v. United States, 139 S. Ct. 1872 (2019). United States v. Herrold, 139 S. Ct. 2712 (2019). In Quarles, the Supreme Court addressed the "exceedingly narrow question" of

> whether remaining-in burglary (i) occurs only if a person has the intent to commit a crime *at the exact moment* when he or she *first* unlawfully remains in a building or structure, or (ii) more broadly, occurs when a person forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure.

139 S. Ct. at 1875. The Supreme Court held that "[f]or purposes of § 924(e), we conclude that remaining-in burglary occurs when the defendant forms the intent to commit a crime *at any time* while unlawfully remaining in a building or structure." Quarles, 139 S. Ct. at 1875.

///

On remand, the Fifth Circuit reinstated its en banc determination that the Texas burglary statute is indivisible, found that subsection 30.02(a)(3) is generic, and held that Herrold's prior burglary convictions under Texas Penal Code subsection 30.02(a)(1) qualified as predicates for a sentence enhancement under the ACCA. United States v. Herrold, --- F.3d ----, 2019 WL 5288154, at *3, 7 (5th Cir. Oct. 18, 2019). Based on the foregoing, Quarles and the Fifth Circuit's Herrold decision on remand foreclose Petitioner's argument that his Texas burglary convictions cannot be used as predicate offenses under the ACCA.

Accordingly, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch or savings clause of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition and it should be dismissed.

**C. Certificate of Appealability**

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS that:

1. The stay in this matter is LIFTED;

2. Respondent's motion to dismiss (ECF No. 19) is GRANTED;

3. The petition for writ of habeas corpus is DISMISSED;

4. The Clerk of Court is directed to CLOSE the case; and

5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __October 29, 2019__  
_____  
UNITED STATES MAGISTRATE JUDGE